In the Matter of DOLORES RICO, Respondent, v. BOARD OF EDUCATION RETIREMENT SYSTEM OF THE CITY OF NEW YORK, Appellant.— In a proceeding pursuant to article 78 of the CPLR to compel appellant to accord to petitioner the benefits of a pension based upon not less than 20 years of service by her deceased husband as an employee of the Board of Education of the City of New York, the appeal is from a judgment of the Supreme Court, Kings County, dated May 17, 1973, which, after a hearing, granted the application and directed that the pension benefits be paid, with interest from October 18, 1971, the date of said decedent's death, and that appellant accept payment of, or transfer from any surplus moneys in any of the decedent's accounts with appellant, $254.12 as the amount owed to the decedent's pension account. Judgment affirmed, with costs. The record shows that petitioner's husband began employment with the Board of Education of the City of New York as a custodian engineer on July 16, 1951. He remained in that position for a little over 20 years until his death on October 18, 1971. When petitioner applied for benefits based upon 20 years' service her application was rejected on the ground her husband had not contributed to the Retirement System for the six-month period from October 1, 1956 until April 1, 1957. Consequently, appellant credited him with service of 19 years, 9 months and 3 days and contended that petitioner was entitled to only the ordinary death benefits. The difference between the latter and the amount sought by petitioner is approximately $37,000. During the six months in question, petitioner's husband was absent from work because of illness and a fellow custodian was "temporarily" assigned by the Board of Education to his school. Petitioner contends that her husband's substitute was a stand-in, that the husband continued to receive payment of net custodial allowances (i.e., amounts remaining after payment of custodial staff and other expenses) and that he continued to perform his administrative duties and paperwork at home. Appellant argues that the checks for custodial services during the period were sent to the substitute custodian and that no amounts were deducted therefrom as contributions on behalf of petitioner's husband to the Retirement System. The real issue is whether petitioner's husband can be credited with 20 years' *continuous service*. Under the unique facts in this case, we conclude the answer is yes.

While the husband was not directly paid by the Board of Education for the six months in question, there was in fact no interruption in his receipt of money or "pay". As noted above, he continued to receive an amount constituting the net custodial allowance. This amount did not reflect a deduction for his retirement account. According to petitioner, this fact was not known by her husband. The situation arose because of the peculiar role or status held by school custodians. They function as independent contractors. They receive moneys earmarked for their particular school from the Board of Education out of which they pay expenses of maintenance and the salaries of the cleaners whom the custodians themselves hire. When a custodian is ill, a custodian from another school is "temporarily assigned" in his place and simply "covers" for him. Under this practice, which was well known to the Board of Education, the substitute custodian for petitioner's husband received the check meant for his school and, according to the testimony, turned it over to him. The latter allocated amounts for the various expenses and retained the balance. The Board of Education neglected to advise the decedent (1) that no amounts were deducted for his retirement account and (2) that he was considered off the payroll for the entire period. Upon his return to work, the decedent's employment continued as if there had been no interruption. He was not required to reapply or get permission to return to work. His assignment to the school (P.S. 115 in Queens) was not altered in any way (see 1942 Opns. Atty. Gen. 187). Contrary to the situation in *Matter of Keane* v. *Leary* (34 A D 2d 771), petitioner is not seeking to "tack on" any unused vacation time and/or accrued terminal leave. Her husband's active service with the Board of Education began in July, 1951 and, except for illness, continued without interruption for more than 20 years until he died. The judgment confirming that service should be affirmed. Hopkins, Acting P. J., Latham, Shapiro, Brennan and Munder, JJ., concur.